IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIE DURAN and
ISAAC GRANADO,

      Plaintiff,

v.                                                    No. 24-cv-0314 JHR/DLM

XAVIER ANAYA,
CHRISTOPHER RIDER,
and THE CITY OF ARTESIA

      Defendant.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte* following Plaintiff's Unopposed Motion to Substitute Party, filed on August 30, 2024, [Doc. 23], and the Court's order granting that motion to substitute Genevieve Granado Grado for Isaac Granado, filed on September 5, 2024 [Doc. 25]. The motion to substitute party represented "Isaac passed away during this action's pendency. Geneveve [sic] is Isaac's mother and has been appointed his personal representative by the probate court in Eddy County, New Mexico." [Doc. 23, at 1]. The Court granted Plaintiff's motion based on the representation that Genevieve Granado Grado had been appointed personal representative. [Doc. 25]. Plaintiff did not attach the probate court's order appointing personal representative to the motion to substitute.

The Court then become aware that the probate court's Order Appointing Personal Representative was filed on October 4, 2024, in the 5th Judicial District Court. (D-503-PB-2024-00070) ("Order Appointing Personal Representative"). Thus, the probate court appointed Ms. Granado Grado personal representative after the motion to substitute party. *Compare* [Doc. 23] (filed Aug. 30, 2024) *with* (D-503-PD-2024-00070) (Order Appointing P.R.) (filed October 4, 2024). Therefore, it appears that Plaintiff's counsel misrepresented Ms. Granado Grado's personal representative status when they moved for her substitution for the deceased Isaac Granado.

Rule 11(b)(3) provides that an attorney's signed and filed written motion certifies that "the factual contentions [in the motion] have evidentiary support" or "will likely have evidentiary support after a reasonable opportunity for further investigation" to the best of the attorney's "knowledge, information, and belief" based on a reasonably inquiry. Fed. R. Civ. P. 11(b)(3). Regarding sanctions for violating Rule 11(b), Rule 11(c)(3) provides that "[o]n its own initiative, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3).

Pursuant to Rule 11(b)(3) and Rule (11)(c)(3), the Court orders Plaintiff's counsel to show cause in writing, signed by both counsel Gubernick and Bullion, why they should not be sanctioned for misrepresenting a material fact concerning the personal representative appointment in the August 30, 2024, motion to substitute party [Doc. 23], as shown by the probate court's October 4, 2024, order.

**IT IS THEREFORE ORDERED** that Plaintiff's counsel Benjamin Gubernick and Todd Bullion show cause in writing why they should not be sanctioned **within 14 days of entry of this Order**.

**IT IS SO ORDERED.**

_____
HON. JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE